**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| **WILLIAM MERVIN MILLBURG, SR.,**) ) **Plaintiff,** ) ) v. ) ) **CAROLYN COLVIN, Acting** ) **Commissioner of Social Security,** ) ) **Defendant** ) | No. 15-cv-03298 |

## ORDER

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e [19]). Judge Schanzle-Haskins recommends that this Court allow Plaintiff William Millburg Sr.'s Motion for Summary Judgment and Memorandum of Law in Support of Remand/Vacate of Decision Denying Disability (d/e [14]), deny Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e [17]), and reverse and remand the decision of the Commissioner of Social Security denying Plaintiff's applications for

Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and finding Plaintiff not disabled.

Objections to the Report and Recommendation were due on February 3, 2017. Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that the Administrative Law Judge (ALJ) failed to build an accurate and logical bridge from the evidence to his conclusion. Specifically, Judge Schanzle-Haskins found that the ALJ improperly disregarded Plaintiff's statements about his pain due to the ALJ's discrediting of Plaintiff based upon

an assessment of Plaintiff's overall character or truthfulness rather than upon the medical evidence in the record.  The ALJ further determined to give little weight to any medical or medically related opinions that were based solely or primarily on Plaintiff's subjective statements based upon the ALJ's finding concerning Plaintiff's credibility.  Judge Schanzle-Haskins concluded that, on remand, the ALJ should evaluate Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms.  Moreover, Judge Schanzle-Haskins concluded that, on remand, the ALJ should consider the aggregate effects of Plaintiff's obesity, depression, anxiety, and other conditions in evaluating Plaintiff's statements, as such conditions may have been impacted or triggered by Plaintiff's pain.  Finally, Judge Schanzle-Haskins found that the ALJ should make a multiple impairments analysis of Plaintiff's residual functional capacity on remand.

After reviewing the record, the Report and Recommendation, the parties' motions and memoranda, and the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

(1) The Report and Recommendation (d/e [19]) is ADOPTED in its entirety.

(2) Plaintiff's Motion for Summary Judgment and Memorandum of Law in Support of Remand/Vacate of Decision Denying Disability (d/e [14]) is GRANTED and Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e [17]) is DENIED.

(3) The decision of the Commissioner is REVERSED and the cause is REMANDED to the Commission for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

(4) THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: March 16, 2017

FOR THE COURT:           s/ Sue E. Myerscough
                         SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE